**Tidwell v. Penny Foreclosures LLC**

*Douglas C. Hart,* for plaintiff.
*Thomas A. Will* and *George R. Farneth,* for defendant.
*Jonathan A. Wakefield,* pro se.

FRIEDMAN, *J.,* April 29, 2011—Defendants have filed a motion for summary judgment in their favor and against plaintiff on all counts of the amended complaint. As to plaintiff's tort claims, the motion is based on the two-year statute of limitations. As to the contract claims, defendants say that plaintiff has adduced no evidence of

any breaches of the five sales agreements at issue. For the reasons stated below we grant defendants' motion as to most counts, but deny it as to the tort claims related to only one of the five properties at issue.

The undisputed facts, as we understand them, are as follows. The events at issue took place in late 2005 and early January 2006 when plaintiff, a resident of the State of Oregon consulted additional defendant Duane J. Thielen, who also lives in that same general area, in the State of Washington, about purchasing residential real estate that she planned to re-sell or "flip." Mr. Thielen eventually presented her with photographs of properties in the Pittsburgh area that were owned by defendants.[1]

Those photographs were taken by former additional defendants Wakefield and Reichenbach, who are no longer parties to this action.[2] Plaintiff selected, and eventually purchased, the five properties at issue:

141 Fremont Street in the City of Pittsburgh

1711 Freemont Street in the City of McKeesport

1409 Beech Street in the City of McKeesport

615 Industry Street in the City of Pittsburgh, and

722-722 1 / 2 Ridge Street in the City of McKeesport.

When plaintiff came to Pittsburgh in November 2006,

---

1. Plaintiff contends that Mr. Thielen was an agent of defendants, a conclusion that is contested.

2. Mr. Wakefield had a counterclaim against defendants for payment of his photography fee, but that claim has been severed as Mr. Wakefield's involvement has only evidentiary value for the rest of this case.

several months after the sales had closed, she discovered that the properties were in substantially worse condition than she had expected. She filed the instant lawsuit roughly a year and a half after her 2006 visit.

Plaintiff has made several judicial admissions that are crucial to the statute of limitations issue. Plaintiff claims the admissions can be varied pursuant to the general rule that pleadings can be amended to conform to the evidence. However, that rule does not extend so far as to permit a plaintiff to allege one material fact and then to deny it when the fact becomes inconvenient.

A fair reading of plaintiff's amended complaint indicates that plaintiff admits acquiring title to the various parcels at different dates but says she was not provided "with a fully signed and/or executed sales agreement and/or settlement statement with relation to the sale" of four of the five properties, and only part of the settlement statement for the 722 Ridge Street property. (Amended complaint ¶¶10, 11, 14 and 15.)

Plaintiff contends that, since she did not have these documents, she could not know when she acquired ownership of the parcels she had picked out for purchase. Plaintiff also says that defendants have violated the Pennsylvania Real Estate Seller Disclosure Law, 68 Pa. C.A. §§7301, et seq. Plaintiff says in her amended complaint that an unnamed agent of defendants made various misrepresentations to her on defendants' behalf regarding the condition of the five properties. At argument it appeared that the unnamed agent is additional

defendant Thielen. Plaintiff pleads in ¶20 that, because she resided in the state of Oregon, she was unable to visit the properties prior to purchasing them, the implication being that it was reasonable of her to rely on what Mr. Thielen said about them.

As to the question of Mr. Thielen's being an agent of defendants, that seems to be a question for a factfinder. Mr. Thielen has admitted that he was a "seller of real estate" who was asked by defendants to sell properties they owned in Western Pennsylvania. Although plaintiff admits that she sought out Mr. Thielen, and although defendants paid Mr. Thielen a commission rather than a salary, we cannot conclude that these facts are dispositive of the agency issue. A factfinder will have to decide whether Mr. Thielen was acting on defendants' behalf, on his own behalf, or, perhaps, on plaintiff's behalf, when he relayed information to plaintiff about the properties. We note, however, that the condition of real property in January 2006 is not necessarily proven by showing its condition months later, in November 2006.

There are several undisputed facts related to what plaintiff either actually knew or what she is deemed to have known about the properties at issue. She sent money intended to cover both the purchase price for each of the parcels and the estimated closing costs, near the end of January 2006. She admittedly signed and returned some of the agreements of sale in February 2006. Her signature is an illegible scrawl and the ones she admits are hers are very similar to some that she denies are hers, as well as at least one she says she is unsure of. Plaintiff, who has

the burden in order to defeat the motion for summary judgment, has adduced no expert evidence regarding the signatures she claims are not hers or about which she is unsure. As a result, at this late date, she has lost the opportunity to present such evidence, so for our purposes, all relevant signatures are not disputed and are deemed authentic.

There is no contention that there is any problem with title, so the only actionable defects would have to be those alleged in the physical condition of the houses themselves. However, the sales agreements all state clearly that plaintiff purchased the properties "as is." Furthermore, the seller disclosure statements were clear and unambiguous: the condition of all the major systems for each parcel is "unknown." In other words, no promise at all was made in the writings related to the contracts regarding the condition of any of the five properties. There is therefore no question of material fact for the jury to decide as to the contract claims.

As to the tort claims, defendants themselves made no representations to plaintiff beyond the provision in the agreement of Sale that they were selling each property "as is" and the notations on the disclosure forms that they were unaware of the condition of the properties. They might, however, be vicariously liable for the tort claims related to 722-722 1/2 Ridge Street if a factfinder believes Mr. Thielen was their agent and if the factfinder believes Mr. Thielen, knowingly or with reckless indifference, made misrepresentations as to the Ridge Street property which led plaintiff to make that purchase.

Plaintiff admittedly made no effort to inspect the properties until November 2006, ten months after she had sent all the money for the purchase, almost as many months after she had signed the agreements of sale, and five to seven months after the deeds were recorded.

Plaintiff considered the recording dates to be the earliest date for the commencement of the limitations period. Defendants say the closing dates are the latest dates for the limitations period to begin to run. The law supports defendants' position.

The statute of limitations began to run no later than the dates shown on the deeds, which are also the dates on the settlement sheets:

| | |
|---|---|
| 141 Fremont Street | deed dated February 2, 2006 |
| 1711 Freemont Street | deed dated February 10, 2006 |
| 1409 Beech Street | deed dated February 20, 2006 |
| 615 Industry Street | deed dated February 17, 2006 |
| 722-722 1/2 Ridge Street | deed dated June 30, 2006 |

Mr. Wakefield's severed counterclaim against defendants is unaffected by this decision.

## CONCLUSION

Plaintiff has not adduced sufficient evidence to raise an issue of material fact as to either the bar of the statute of limitations for the tort claims of misrepresentation related to the sales of four of the five properties or as to the breach of contract claims related to any of the agreements of sale.

414

However, the question of whether or not Thielen was defendants' agent cannot be decided at this stage as to the property at 722-722 1/2 Ridge Street, since the statute of limitations had not run prior to the date this action was filed.

The trial will proceed as scheduled, limited to the claims based on the allegations that defendants knowingly or negligently misrepresented to plaintiff the true condition of the property at 722-722 1/2 Ridge Street.

### ORDER OF COURT

And now, to-wit, this April 29, 2011, for the reasons set forth in the accompanying memorandum in support of order, the defendants' motion for summary judgment is hereby granted in part and denied in part. The only claims that survive are the tort claims related to misrepresentation by defendants' alleged agent, additional defendant Duane J. Thielen, as to the condition of the premises at 722-722 1/2 Ridge Street, McKeesport, Pennsylvania. All other tort claims and all the contract claims are dismissed with prejudice.